## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Docket no. 03-cr-18-P-S |
| RAYMOND WOODBURN, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF ORDER ON MOTION FOR SENTENCE REDUCTION

This Memorandum provides the Court's written explanation for its decision to GRANT Defendant's Amended Motion to Reduce Sentence and thereby reduce the term of imprisonment to 66 months or time served as of May 2, 2008, whichever is greater.

Defendant Raymond Woodburn was resentenced by this Court on July 16, 2006 following a <u>Booker</u> remand from the First Circuit. Both at the original September 4, 2004 sentencing and at the July 16, 2006 resentencing, the Court utilized the low end of the guideline range as the starting point for determining the substantial assistance downward departure. Although the Government appealed the results of the original sentencing, it does not appear that they specifically challenged the Court's use of the low end of the guideline range as the starting point for the downward departure. In any event, on remand, the Government did not request that the Court use the 120-month statutory mandatory minimum as the starting point for determining any downward departure. Rather, the Government indicated that it was not pressing the issue of the applicability of the statutory mandatory minimum and recommended a sentence that was

15 percent below the low end of the guideline range (108 to 135 months). (See July 17, 2006 Tr. at 6-7.)  Ultimately, the Court granted a 25 percent departure from the 108-month mark, which represented the low end of the guideline range without considering the 120 month mandatory minimum.  This resulted in a sentence of 81 months.  The Government did not appeal.

Retroactive application of the recently amended Guidelines pertaining to crack cocaine, results in a lower guideline range of 87 to 108 months for this Defendant. Nonetheless, the Government argues and the Probation report indicates that application of USSG § 5G1.1 would require that amended range to be modified to reflect the 120-month statutory mandatory minimum.  Defendant argues that the Court should follow its prior reasoning and rulings, which would result in a sentence of 66 months (a 25 percent departure off of 87 months).  The Government argues that granting such a reduction would simply "compound the previous erroneous calculation of Defendant's departure." (Gov't Response (Docket # 659) at 12.)

In this case, the Court would undoubtedly be bound by the 120-month statutory mandatory minimum absent the application of 18 U.S.C. § 3553(e).  However, § 3553(e) provides the Court with statutory authority to sentence below 120 months in accordance with the Sentencing Guidelines. In multiple other cases in which the statutory mandatory minimum was used to set the floor for a departure, this Court has summarily denied requests for sentence reductions based on the newly revised USSG § 1B1.10.  See, e.g., March 12, 2008 Order in United States v. Darcy Mowry (2-03cr-16); March 20, 2008 Order in United States v. Bobby Lee Hughes (2-01-cr-108); April 22, 2008 Order in United States v. Michael Ayer (2-05-cr-11).  However, the statutory mandatory minimum

was not so utilized in this case and, to the extent that was an error, the Government waived its objection both at the July 16, 2006 hearing and by not appealing the sentence imposed at that time.

With respect to reduction in term of imprisonment as a result of an amended guideline range, the Guidelines state, in relevant part: "In making [a sentence reduction] determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that *were applied when the defendant was sentenced* and shall leave all other guideline application decisions unaffected." USSG § 1B1.10 (b)(1) (emphasis added). This provision makes clear that a sentence reduction proceeding prompted by a retroactive amendment cannot be used to correct other Guideline application decisions made at the sentencing. In other words, to the extent either party chose not to appeal an erroneous application of other portions of the Guidelines, they remain bound by that application.

Under the unique facts presented by this case, the Court believes the Government remains bound by its concession to allow the use of the low end of the guideline range as the starting point for determining the departure, which essentially was a concession to not apply USSG § 5G1.1. In the Court's assessment, to hold otherwise would require allowing both the Government and the Defendant to reexamine and reargue erroneous Guideline calculations despite the failure to mount any appeal to those errors. The Court believes that this would open a Pandora's box.

Taking into account all of the directives found in 18 U.S.C. §§ 3582(c) & 3553(a) as well as the applicable Guidelines, the Court will reduce the Defendant's sentence to 66 months or time served as of May 2, 2008, which reflects "a reduction comparably less

than the amended guideline range" while leaving all other guideline application decisions unaffected. USSG § 1B1.10(b)(2)(B). In making this decision to further reduce the Defendant's sentence, the Court has considered both public safety considerations and post-sentencing conduct. The Court notes that given the Defendant's poor health, he is unlikely to pose any danger to the community.

The Court also notes that it has considered the Bureau of Prisons' request for a ten day delay in sentences that may require the Bureau of Prisons to take immediate steps toward releasing the Defendant. (<u>See</u> Feb. 13, 2008 letter from Director Lappin to Hon. Julie E. Carnes.) In this case, the Court's Order will be made effective as of May 2, 2008 in order to provide the Bureau of Prisons time to process the Court's Order and allow for some planning of the Defendant's transition to supervised release.

SO ORDERED.

                                                    /s/ George Z. Singal  
                                                   Chief U.S. District Judge

Dated this 24th day of April, 2008.